1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
7                                      AT SEATTLE

8    SAI,

9                              Plaintiff,        Case No. C17-1941-RAJ

10        v.

11   ABDI, et al.,                               REPORT AND RECOMMENDATION

12                             Defendants.

13

14        Pro se plaintiff Sai seeks to proceed *in forma pauperis* (IFP) in this civil case, but did not

15   submit the Court's IFP application.  Plaintiff filed a motion for waiver of fees under 28 U.S.C. §

16   1915 and affidavit in support of IFP status.  (Dkt. 1 and Dkt. 1-1.)  Plaintiff also moves the Court

17   to take judicial notice of plaintiff's "absolute refusal to file a detailed financial affidavit on the

18   record" and, in the alternative to a ruling on the motion for waiver of fees, for leave to file form

19   "AO 239", a long form IFP application, under seal and *ex parte*.  (Dkt. 1 at 1, 3.)  As a second

20   alternative, plaintiff requests an extension to file a renewed motion for IFP status, to pay the filing

21   fee, or to submit form AO 239 under seal and *ex parte*, until thirty days after receipt of a ruling by

22   the First Circuit Court of Appeals addressing a similar request for IFP status in a different case.

23   (*Id*. at 3-4.)

REPORT AND RECOMMENDATION - 1

1    Pursuant to Local Civil Rule (LCR) 3(b)(1)-(2), a party seeking to proceed IFP under 28

2    U.S.C. § 1915 shall complete the IFP application "approved for use in this district for the specific

3    type of case" and a written consent for payment of costs form.  For a civil case filed by a non-

4    prisoner, this Court requires the submission of the Court's Declaration and Application to Proceed

5    In Forma Pauperis and Written Consent for Payment of Costs.  Plaintiff's affidavit in support of

6    IFP status does not satisfy LCR 3(b) or provide the information required by the Court for

7    consideration of plaintiff's request to proceed IFP.[1]  Nor, for the reasons discussed below, does

8    the Court find justification for plaintiff's suggested alternatives.

9    Plaintiff states that form AO 239 "contains sworn, testimonial evidence that could be used

10   against me in a criminal or civil action by the government, e.g. for violation of IRS, SSA, or other

11   applicable laws or regulations."    (Dkt. 1-1 at 4.)    Plaintiff invokes the protections of the

12   Constitution, including the First and Fifth Amendments, in refusing to file detailed private

13   information on the public record.  Plaintiff also points to rulings issued or pending in cases plaintiff

14   filed in courts outside of this District, including an order from the Northern District of California

15   finding good cause for the filing of a financial affidavit under seal and granting permission to

16   proceed IFP.  *See Sai v. Smith*, C16-1024-JST (Dkt. 28) (N.D. Cal. Sep. 12, 2016).

17   There is a strong presumption favoring the public's access to court records.  *Foltz v. State*

18

---

19   [1] The Court also notes the documents submitted by plaintiff, including the motion for waiver of
fees, affidavit in support of IFP status, the proposed complaint, and the civil cover sheet are not properly
signed.  Fed. R. Civ. P. 11(a) (papers filed with court must contain signature and must be stricken if not

20   promptly corrected after being called to party's attention); LCR 10(e)(4) (filings shall be dated and signed
and the court might not consider improperly signed or unsigned documents); *Giebelhaus v. Spindrift Yacht*,
938 F.2d 962, 965-66 (9th Cir. 1991) ("[F]or the purposes of Rule 11, a 'signature' is more than simply a

21   typewritten name.").  While the Court does provide for the use of electronic signatures, they must comply
with the Court's rules and procedures. *See* LCR 10(e)(4) and (8), LCR 11(a) and the Court's Electronic

22   Filing    Procedures    for    Civil    Cases    found    at    http://www.wawd.uscourts.gov/sites/wawd/files/
ECFFilingProcedures.pdf. The procedures provide that, "*[i]f a pro se party* files a paper document, or

23   *submits a document for filing via e-mail, the document must contain a physical signature*."  Court's
Electronic Filing Procedures for Civil Cases at Section III.L (emphasis added).

REPORT AND RECOMMENDATION - 2

1  *Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); LCR 5(g).  However, for motions

2  either non-dispositive or only tangentially related to the merits of a case, the Court may provide

3  for filing under seal upon a showing of good cause.  *Ctr. for Auto Safety v. Chrysler Group, LLC*,

4  809 F.3d 1092, 1097-1102 (9th Cir. 2016); *Foltz*, 331 F.3d at 1135.  The decision on public access

5  rests within the discretion of the district court, exercised with consideration of the facts and

6  circumstances at issue.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

7        Plaintiff does not set forth good cause for the filing of form AO 239 under seal.  This Court

8  does not require submission of form AO 239.  The Court's IFP form requires the provision of a

9  minimal amount of information and detail, far less than that required by form AO 239.

10       Plaintiff, moreover, does not sufficiently explain why or how the public filing of the

11 information required by this Court would or could cause actual, identifiable harm.  Plaintiff

12 provides no more than a vague assertion of the possibility of some type of harm, and a general

13 objection to the inclusion of information required by form AO 239 on the public record.  Nor does

14 plaintiff provide support for a contention of any constitutional or other violation of rights through

15 the public filing of the Court's IFP application.  The Court is further not bound or persuaded by

16 the ruling of a district court in California, and finds no basis for awaiting a ruling by the First

17 Circuit.  Instead, like other courts rejecting similar requests by plaintiff, the Court finds no basis

18 for allowing an exception to the requirement to submit an IFP application on the form approved

19 for use by this Court and for treating that form as a matter of public record.  *See, e.g.*, *Sai v. Dep't*

20 *of Homeland Sec.*, 149 F. Supp. 3d 99, 126-28 (D. D.C. 2015) (concluding plaintiff could not "seek

21 the benefit of IFP status while refusing to comply with the relevant rules and procedures and

22 declining to offer any individualized rationale short of his personal conviction that the information

23 at issue should not be disclosed."; noting the rejection of a similar request in *Sai v. U.S. Postal*

REPORT AND RECOMMENDATION - 3

*Service*, No. 14-1005 (D.C. Cir., filed Jan. 7, 2014)).

The Court, in sum, recommends plaintiff's motion for waiver of fees and alternative motions (Dkt. 1) be DENIED.  The Court further recommends plaintiff be provided **thirty (30) days** from the Order addressing this Report and Recommendation to either submit a properly signed[2] IFP application and written consent on the Court's approved form or to pay the filing fee. Should plaintiff fail to comply with that directive, this action should be dismissed without prejudice to plaintiff filing a new complaint, accompanied by either the filing fee or the Court's required IFP application and written consent form.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 2, 2018**.

Dated this 5th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge

---

[2] *See supra* n.1.

REPORT AND RECOMMENDATION - 4