UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAI,<br><br>           Plaintiff,<br><br>    v.<br><br>ABDI, et al.,<br><br>           Defendants. | Case No. C17-1941-RAJ<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

With consideration of a Report and Recommendation, the Court denied plaintiff's motion seeking a waiver of court fees and alternative motions, and directed plaintiff to either submit an application to proceed *in forma pauperis* (IFP) or pay the filing fee. (Dkts. 2 & 4.) Plaintiff submitted a Motion for Reconsideration, Stay Pending Appeal, and 1292(b) Certification. (Dkt. 5.)[1] United States District Judge Richard A. Jones construed the motion as supplemental briefing as it relates to plaintiff's application to proceed IFP and referred it to the undersigned for preparation of a new Report and Recommendation. (Dkt. 8.) Now, having considered both the

---

[1] Plaintiff also corrected a filing deficiency by submitting signed signature pages on previously filed documents. (Dkt. 6.)

REPORT AND RECOMMENDATION - 1

1  original motion and the supplemental briefing, the undersigned again recommends plaintiff's
2  motion for waiver of fees and alternative motions (Dkts. 1, 5 & 5-1) be DENIED.

### BACKGROUND

Plaintiff sought waiver of Court fees (Dkt. 1 and Dkt. 1-1), but did not submit the Court's IFP application. Plaintiff moved the Court to take judicial notice of plaintiff's "absolute refusal to file a detailed financial affidavit on the record" and, in the alternative to a ruling on the motion for waiver of fees, for leave to file form "AO 239", a long form IFP application, under seal and *ex parte*. (Dkt. 1 at 1, 3.) As a second alternative, plaintiff requested an extension to file a renewed motion for IFP status, to pay the filing fee, or to submit form AO 239 under seal and *ex parte*, until thirty days after receipt of a ruling by the First Circuit Court of Appeals addressing a similar IFP request. (*Id*. at 3-4.)

In a January 5, 2018 Report and Recommendation, the undersigned recommended the motion for waiver of fees and alternative motions be denied. (Dkt. 2.) The Court found the affidavit in support of IFP status did not satisfy Local Civil Rule (LCR) 3(b) or provide the information required for consideration of a request to proceed IFP, and found no justification for proposed alternatives. The Court recommended denial of plaintiff's motions and the provision of thirty days from the Order addressing the Report and Recommendation to either submit an IFP application and written consent on the Court's approved form or to pay the filing fee.

A docket entry dated February 2, 2018 reflects plaintiff called to report plaintiff had not received the Report and Recommendation, and that the Clerk would resend the documents that same day. Plaintiff describes both mailing and emailing to Judge Jones, also on February 2, 2018, a motion to extend the deadline for filing objections, for ruling on a previously submitted motion for CM/ECF access and service, and to vacate referral to a magistrate judge. (Dkt. 5 at 1, 3-4 and

REPORT AND RECOMMENDATION - 2

Dkt. 5-1.) That motion was not docketed. As the Court recently explained, because plaintiff has not registered for electronic filing through the Court's CM/ECF system, any documents submitted for filing must be provided in paper format to the Clerk's Office. (Dkt. 8 at 1, n.1.)

On February 13, 2018, Judge Jones issued an Order adopting the Report and Recommendation and setting a thirty-day deadline for plaintiff to either submit an IFP application or pay the filing fee. (Dkt. 4.) Forty-two days later, on March 27, 2018, the Court received the motion requesting reconsideration. (Dkt. 5.)

## DISCUSSION

Plaintiff denies receiving any mail from the Court and requests an extension of time to file an objection to the January 2018 Report and Recommendation until thirty days after the First Circuit rules on a similar motion pending in *Sai v. Pekoske*, No. 15-2356 (1st. Cir., filed September 12, 2017). (Dkts. 5 & 5-1.) Plaintiff also again moves for either IFP status or to pay the Court's fees. (Dkt. 5-1.) Plaintiff further requests "stay and abeyance" pending appeal of the denial of the IFP application and for a certificate of appealability under 28 U.S.C. § 1292(b). (Dkt. 5.) Plaintiff asks that, in the meantime, the case be fully docketed and defendants served, and the Court issue an immediate ruling on motions for CM/ECF access (Dkt. 1-22) and for service by U.S. Marshals (Dkt. 1-24), both of which plaintiff submitted with the original motion for waiver of fees. Plaintiff also objects to the involvement of the undersigned. (Dkts. 5 & 5-1.)

A.    <u>Consent to Magistrate Judge</u>

Plaintiff objects to the involvement of a magistrate judge based on the absence of consent. Plaintiff moves that the referral to the undersigned be vacated pursuant to Federal Rule of Civil Procedure 73(b)(3) and 28 U.S.C. § 636(c)(3) for lack of jurisdiction, and that the January 2018 Report and Recommendation be vacated for the same reason. Plaintiff, however, misunderstands

REPORT AND RECOMMENDATION - 3

the involvement of a magistrate judge in this case.

In this Court, unless otherwise directed, "upon filing, the clerk shall assign to a magistrate judge all motions and applications to proceed [IFP,]" and "[a]ll applications to proceed [IFP] are deemed referred pursuant to 28 U.S.C. § 636." Second Amended General Order No. 01-15 (W.D. Wash. July 10, 2017). A magistrate judge is authorized to rule upon the application to proceed IFP. W.D. Wash. MJR 1(h). Upon concluding such application should be denied, the magistrate judge issues a Report and Recommendation for consideration by the assigned district judge. *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988) (a magistrate judge may not issue a dispositive order denying IFP absent consent of the parties pursuant to 28 U.S.C. § 636(c), but can prepare a Report and Recommendation for the district judge to review and adopt). *But see Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam) (plaintiff is not entitled to file objections to a recommendation to deny IFP).

There is, in sum, no need for plaintiff to consent to a magistrate judge in relation to the motion to proceed IFP. The undersigned properly issued a Report and Recommendation for consideration by Judge Jones. Plaintiff sets forth no basis for vacating either the limited referral for consideration of the IFP application or the Report and Recommendation.

B.   Extension of Time to Object

The Court delivered the Report and Recommendation to the address contained on plaintiff's proposed complaint, and identified as plaintiff's permanent address and a "commercial mail receiving agency" authorized to receive certified mail on plaintiff's behalf and to scan or forward mail at plaintiff's direction. (Dkt. 1-6 at 1 & n.2 ("500 Westover Dr. #4514, Sanford, NC 27330").) As neither the Report and Recommendation, nor any other mail has been returned as undeliverable, it is not clear why plaintiff would not have received mail from the Court. However,

REPORT AND RECOMMENDATION - 4

because plaintiff provides a different street name with the address on other documents submitted to the Court (*see, e.g.*, Dkts. 1, 5, 5-1, 6 ("500 Kennett Pike #4514, Sanford, NC 27330")), the Court will direct the current Report and Recommendation to both addresses and to plaintiff's e-mail address (*see id.* ("legal@s.ai")), and will modify the address used in the future if directed to do so by plaintiff.  The Court, in any event, herein provides plaintiff the opportunity to object to the January 2018 Report and Recommendation through consideration of the supplemental briefing.

Plaintiff seeks additional extension of time to file objections until thirty days after the First Circuit rules on a similar motion in *Sai v. Pekoske*, No. 15-2356, and again points to a Northern District of California decision finding good cause for the filing of a financial affidavit under seal and granting plaintiff permission to proceed IFP, *Sai v. Smith*, C16-1024-JST (Dkt. 28) (N.D. Cal. Sep. 12, 2016).  However, as previously found, the Court is not bound or persuaded by the ruling of a district court in California, and agrees with the conclusions of other courts rejecting similar requests from plaintiff.  *See Sai v. U.S. Postal Service*, No. 14-1005 (D.C. Cir.) (May 13, 2014 Order concluding petitioner failed to demonstrate filing a motion to proceed IFP and affidavit in support under seal and *ex parte* was warranted) and (July 31, 2014 Order finding motion for stay not warranted and directing petitioner to either pay the filing fee or file a motion for IFP); *Sai v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 126-28 (D. D.C. 2015) (plaintiff could not "seek the benefit of IFP status while refusing to comply with the relevant rules and procedures and declining to offer any individualized rationale short of his personal conviction that the information at issue should not be disclosed.").  The Court further finds no basis for awaiting a ruling by the First Circuit.  This Court would be no more bound by a ruling in the First Circuit case than it is bound by rulings in the D.C. Court of Appeals or other district courts rejecting similar requests.  *See id.*  A decision from the First Circuit would, moreover, be distinguishable in that it would address the

REPORT AND RECOMMENDATION - 5

submission of a different, far more detailed IFP application than the form utilized by this Court. *See* http://www.ca1.uscourts.gov/sites/ca1/files/ form4.pdf; Fed. R. App. P. (FRAP) 24(a)(1)(A) and Form 4 of the Appendix of Forms. The circumstances do not warrant an extension of time to submit additional objections.

C.  <u>Request to Proceed IFP or File IFP Application Under Seal and Ex Parte</u>

Plaintiff's supplemental briefing contains a renewed request to either receive IFP status or to pay the Court's filing fees. The undersigned, therefore, again addresses plaintiff's request for a waiver of fees or to file an IFP application under seal and *ex parte*.

A litigant seeking to proceed IFP must file an affidavit that includes a statement of assets and that the person is unable to pay fees. 28 U.S.C. § 1915(a)(1). Pursuant to LCR 3(b)(1)-(2), a party seeking to proceed IFP under 28 U.S.C. § 1915 shall complete the IFP application "approved for use in this district for the specific type of case" and a written consent for payment of costs form. For a civil case filed by a non-prisoner, this Court requires the submission of the Court's Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs. The affidavit in support of IFP status plaintiff submitted to the Court (Dkt. 1-1) does not satisfy LCR 3(b) or provide the information required by the Court for consideration of the request to proceed IFP. Plaintiff does not provide any further information or otherwise satisfy LCR 3(b) in the supplemental briefing.

Plaintiff alternatively requested leave to file form "AO 239", a long form IFP application, under seal and *ex parte*. Plaintiff stated form AO 239 "contains sworn, testimonial evidence that could be used against me in a criminal or civil action by the government, e.g. for violation of IRS, SSA, or other applicable laws or regulations." (Dkt. 1-1 at 4.) Plaintiff invoked the protections of the Constitution, including the First and Fifth Amendments, in refusing to file detailed private

REPORT AND RECOMMENDATION - 6

information on the public record. In the supplemental briefing, plaintiff directs the Court's attention to the twenty-seven page brief submitted to the First Circuit and containing numerous arguments in support of a request to submit an IFP application under seal or reviewable *ex parte*. (*See* Dkt. 5 at 6-32.) Plaintiff also specifically argues in the supplemental briefing that an IFP affidavit is only a "ministerial" document, not a judicial document to which a presumption of access applies.

Plaintiff's arguments are not persuasive. For example, in depicting IFP applications as ministerial and properly sealed documents, plaintiff relies on cases addressing documents submitted to show financial eligibility for Criminal Justice Act (CJA) funds for court-appointed counsel in criminal cases. *See, e.g., United States v. Connolly (In re Boston Herald, Inc.)*, 321 F.3d 174, 189-91 (1st Cir. 2003); *U.S. v. Lexin*, 434 F. Supp. 2d 836, 848 (S.D. Cal. 2006). Such documents are distinguishable from IFP applications filed in civil proceedings. *Hann v. McNutt*, No. 05-CV-71347, 2010 U.S. Dist. LEXIS 134846 at *3 (E.D. Mich. Dec. 21, 2010) (finding no basis for IFP status on appeal without divulging IRA accounts and finding *Lexin*, 434 F. Supp. 2d 836, "wholly distinguishable" in involving the rights of criminal defendants prior to trial and appointment of counsel pursuant to the CJA). *See also In re Boston Herald, Inc.*, 321 F.3d at 180, 189 (noting the forms used to apply for CJA assistance are "generated by the Administrative Office," and filed "with the Office of Pre-Trial Services rather than with the clerk of the court or the judge."; concluding CJA eligibility documents are "administrative paperwork generated as part of a ministerial process ancillary to the trial[,]" and, while reviewed by a district or magistrate judge, "that role could have been assigned to another institution.")

Courts typically treat IFP applications as matters of public record. *See, e.g., Sai v. Dep't of Homeland Sec.*, 149 F. Supp. 3d at 127-28 ("Section 1915 requires the submission of a detailed

REPORT AND RECOMMENDATION - 7

affidavit, and, under the Court's practice these submissions, like other filings, are a matter of public record. It is incumbent upon Plaintiff to demonstrate why this usual rule should not apply in his case[.]"; reasoning that, if every IFP applicant was entitled to file under seal and *ex parte*, "the public would be denied important transparency in the working of the judiciary, opposing parties would be deprived of the opportunity to raise objections, and the courts would lose a corresponding check on potential misstatements or omissions in IFP affidavits."); *Remington v. Univ. of N.C. at Chapel Hill*, No. 5:17-CV-375-FL, 2017 U.S. Dist. LEXIS 167564 at *3-4 (E.D.N.C. Oct. 11, 2017) (IFP applications "are generally accessible to the public, despite containing some financial information regarding the applicant"); *Tater-Alexander v. Amerjan*, No. 1:08-cv-00372, 2008 U.S. Dist. LEXIS 123289 at *4-5 (E.D. Cal. Apr. 4, 2008) ("An application to proceed [IFP] is not within the narrow range of matters, such as records of grand jury proceedings, traditionally sealed because of important policy reasons.") (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178, 1184-85 (9th Cir. 2006)).  However, while there is a strong presumption favoring the public's access to court records, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); LCR 5(g), the Court may, for motions either non-dispositive or only tangentially related to the merits of a case, provide for filing under seal upon a showing of good cause, *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097-1102 (9th Cir. 2016); *Foltz*, 331 F.3d at 1135. The decision on public access rests within the discretion of the district court, exercised with consideration of the facts and circumstances at issue. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

      Nothing in the original or supplemental briefing supports a finding of good cause for the filing of form AO 239 under seal and *ex parte*.  This Court does not require submission of form AO 239.  The Court requires, in its IFP form, a minimal amount of information and detail, far less

REPORT AND RECOMMENDATION - 8

than that required by form AO 239.  Specifically, an applicant need only provide (for the applicant and spouse, if married):  current or former net monthly salary and the name and address of employer; amounts of money received from various sources over the past twelve months; amounts of cash on hand and in checking and savings accounts; a description of any interest in various types of valuable property and approximate values; an indication as to any dependents and amounts of monthly contributions; and a description of regular monthly expenses incurred.  See http://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf.  The form provides the opportunity to supply other information to help explain why an applicant cannot pay court fees or costs.  Id.  The Court, in essence, requires information allowing for consideration of the resources available to the applicant as compared with the applicant's expenses.  If the applicant does not have the resources to pay the filing fee, the applicant qualifies to proceed IFP.

Plaintiff does not sufficiently explain why or how the public filing of the information required by the Court would or could cause actual, identifiable harm.  Plaintiff vaguely objects to the possibility of some type of harm, and generally objects to the inclusion of information required by form AO 239 on the public record.  These vague and general assertions do not support the need to file under seal and *ex parte*.  See, e.g., *Sai v. Dep't of Homeland Sec.*, 149 F. Supp. 3d at 127-28 (rejecting as insufficient an "unsupported assertion of an unqualified interest in privacy", an unlikely risk of possible identity theft, and a "general assertion that the affidavits might 'disclose embarrassing and potentially harmful information, such as an affiant's family situation, disability, [or] dependents'"); *Remington*, 2017 U.S. Dist. LEXIS 167564 at *3-4 (plaintiff failed to provide any specific reason for sealing her application, and the argument the application could be "used against her and will affect her and her children" was conclusory and failed to demonstrate any interest outweighing the public interest in access).

REPORT AND RECOMMENDATION - 9

Plaintiff's briefing also invites the question of plaintiff's financial eligibility to proceed IFP. Plaintiff reaffirms a pledge that, if denied IFP status, plaintiff will pay both the filing fee and the fee for service by U.S. Marshals, despite plaintiff's poverty. Plaintiff states: "Given the Hobson's choice, Plaintiff has repeatedly, unequivocally, and explicitly committed to choosing privacy over further poverty." (Dkt. 5-1 at 4.) These and other statements suggest plaintiff has resources sufficient to allow for payment of the filing fee. If true, plaintiff would not be entitled to proceed IFP.

The Court, in sum, finds no basis for granting the motion for waiver of fees or for allowing the filing of an IFP application under seal and *ex parte*. The Court recommends plaintiff's motion for waiver of fees and alternative motions (Dkts. 1, 5, & 5-1) be denied.

D.  <u>Stay Pending Appeal</u>

Plaintiff argues in favor of an interlocutory appeal of the denial of IFP pursuant to 28 U.S.C. § 1292(b). Plaintiff asserts the Court's order is based on a controlling question of law and entirely collateral to the merits of the case. Plaintiff posits that the contrary California district court decision presents an "intra circuit split" and the "epitome of 'substantial ground for difference of opinion'", and justifies an immediate interlocutory appeal of a denial of the motion to proceed IFP. (Dkt. 5-1 at 3-4 and Dkt. 5 at 1-2 (quoting 28 U.S.C. § 1292(b)).

"A denial of a motion to proceed [IFP] is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291." *Tripati*, 847 F.2d at 548 (citing *Roberts v. United States Dist. Court*, 339 U.S. 844 (1950)). Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58-59 (1982)). Accordingly, should Judge Jones adopt this Report and Recommendation, and plaintiff thereafter fail to submit an application

REPORT AND RECOMMENDATION - 10

warranting IFP status or pay the filing fee, this case would be stayed and plaintiff entitled to appeal. *See, e.g., Irby v. Washington*, No. C15-5208-RJB, 2017 U.S. Dist. LEXIS 28258 at *2-3 (W.D. Wash. Feb. 28, 2017). It should further be noted that, should plaintiff choose to pay the filing fee, a pending appeal of a denial to proceed IFP would be dismissed as moot. *Wilkins v. Cty. of Contra Costa*, No. 17-16274, 2018 U.S. App. LEXIS 8011 at *1 (9th Cir. Mar. 29, 2018) (appeal of denial of IFP dismissed for lack of jurisdiction "because appellant paid the filing fees in the district court after filing the notice of appeal, and this appeal is therefore moot.") (citing *Lipscomb v. Madigan*, 221 F.2d 798, 798 (9th Cir. 1955)).

E.   Motions for CM/ECF Access and Service

Plaintiff asks that this case be fully docketed and defendants served, and the Court issue an immediate ruling on motions for CM/ECF access (Dkt. 1-22) and for service by U.S. Marshals (Dkt. 1-24). This matter is referred to the undersigned for the limited purpose of considering plaintiff's request to proceed IFP. Accordingly, the undersigned herein only observes that this matter will not commence, and provide for the docketing and consideration of other motions, until plaintiff pays the filing fee pursuant to 28 U.S.C. § 1914(a), or the Court authorizes its commencement without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1).

CONCLUSION

The Court recommends plaintiff's motion for waiver of fees and alternative motions (Dkt. 1), considered in conjunction with plaintiff's supplemental briefing (Dkts. 5 & 5-1), be DENIED. The Court further recommends plaintiff be provided **thirty (30) days** from the Order addressing this Report and Recommendation to either submit a properly signed IFP application and written consent on the Court's approved form or to pay the filing fee. Should plaintiff fail to comply with that directive, this action should be dismissed without prejudice to plaintiff filing a new complaint,

REPORT AND RECOMMENDATION - 11

accompanied by either the filing fee or the Court's required IFP application and written consent form.

The Clerk is directed to send this Report and Recommendation to the following addresses: (1) 500 Westover Dr. #4514, Sanford, NC 27330; (2) 500 Kennett Pike #4514, Sanford, NC 27330; and (3) legal@s.ai. The Clerk shall also forward to plaintiff a copy of the Court's Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 18, 2018**.

Dated this 23rd day of April, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12